Case 2:24-cv-03720-FLA-AS   Document 19   Filed 08/07/24   Page 1 of 7   Page ID #:239

FILED
CLERK, U.S. DISTRICT COURT
08/07/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: IGU DEPUTY

1 Shane Weber
429 N Lincoln St,
2 Burbank, CA 91506-2113
Telephone: (818) 562-7450
3 Email: shane@weberenterprise.net
Pro Se for Defendant Weber Enterprise
4 Trucking Corporation; and Shane Josef Weber

5      UNITED STATES DISTRICT COURT

6      FOR THE CENTRAL DISTRICT OF CALIFORNIA

7

8 | MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, A New Jersey Corporation, | Case No.: 2:24-cv-03720 FLA (ASx)
9 | Plaintiff, |
10 | vs. | ANSWER OF WEBER ENTERPRISE TRUCKING CORPORATION AND SHANE JOSEF WEBER; COUNTERCLAIM
11 | |
12 | WEBER ENTERPRISE TRUCKING CORPORATION, A CALIFORNIA CORPORATION; SHANE JOSEF WEBER, An Individual; FOREST LAWN MEMORIAL-PARK ASSOCIATION, A California Non-Profit Corporation; and DOES 1 Through 10, Inclusive, |
13 | |
14 | |
15 | Defendants |

16

17    Defendant Weber Enterprise Trucking Corporation and Shane Josef Weber ("Defendant(s)")

18 answers the complaint of Plaintiff Mesa Underwriters Specialty Insurance Company., ("Mesa") as follows.

19      **ANSWER**

20    Under the provisions of Federal Rules of Civil Procedure Rule 8, with exception to jurisdiction

21 and venue, Defendants deny, generally and specifically, each and every material allegation of the

22 unverified Complaint, and further denies that Plaintiff has suffered damages in the sum or sums alleged,

23 and that plaintiff is not entitled to declaratory relief.

24

25

26

27

28 ANSWER OF WEBER ENTERPRISE TRUCKING CORPORATION AND SHANE JOSEF WEBER; COUNTERCLAIM  - 1

## COUNTERCLAIM

Defendant reserves the right to state its counter claim at a later date in accordance with Fed. R. Civ. P.; Rule 13. (2) (A).

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint, Defendant pleads the following separate affirmative defenses. Defendant hereby gives notice that they intend to rely upon any such other and further defenses as may become available during discovery in this action. Defendant reserves their right to amend this answer to assert any such defenses.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. Defendant alleges that the Complaint and every purported claim therein fails to state, in whole or in part, facts upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE
(No Damages)

2. Plaintiff has not been injured or damaged as a result of any act or omission for which Defendant is responsible.

### THIRD AFFIRMATIVE DEFENSE
(Unclean Hands)

3. Plaintiff's claims against Defendant are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
(Unjust Enrichment)

4. Plaintiff would be unjustly enriched if allowed to recover on its claims against Defendant.

### FIFTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

5. All of Plaintiff's purported causes of action against Defendant are barred to the extent the conduct complained of occurred outside the applicable statutes of limitations.

ANSWER OF WEBER ENTERPRISE TRUCKING CORPORATION AND SHANE JOSEF WEBER; COUNTERCLAIM - 2

### SIXTH AFFIRMATIVE DEFENSE
(Plaintiff's Conduct)

6. The damages sustained by Plaintiff, if any, were caused in whole or in part by the willful misconduct of said Plaintiff, for which Defendant is not liable or responsible.

### SEVENTH AFFIRMATIVE DEFENSE
(Estoppel)

7. Plaintiff is estopped from pursuing each purported cause of action against Defendant by reason of Plaintiff's own actions and course of conduct.

### EIGHTH AFFIRMATIVE DEFENSE
(Lack of Good Faith)

8. Plaintiff's claims against Defendant are barred by its own lack of good faith, breach of loyalty, misconduct, and/or fault.

### NINTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

9. Each and every purported cause of action for damages against Defendant is barred by Plaintiff's failure to mitigate such damages, if it has any.

### TENTH AFFIRMATIVE DEFENSE
(Waiver)

10. Plaintiff waived the right, if any, to pursue each purported cause of action against Defendant by reason of Plaintiff's own actions and course of conduct.

### ELEVENTH AFFIRMATIVE DEFENSE
(Good Faith Acts)

11. Plaintiff's purported causes of action against Defendant are barred because any conduct engaged in by Defendant was done in good faith and without any fraudulent intent.

### TWELFTH AFFIRMATIVE DEFENSE
(No Frustration of Purpose)

12. Defendant did not engage in any conduct that was intended to frustrate, or which frustrated, Plaintiff from obtaining the benefits of the purported agreement.

ANSWER OF WEBER ENTERPRISE TRUCKING CORPORATION AND SHANE JOSEF WEBER; COUNTERCLAIM  - 3

### THIRTEENTH AFFIRMATIVE DEFENSE
(Laches)

13. Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FOURTEENTH AFFIMATIVE DEFENSE
(Damages Uncertain)

14. Defendant alleges that Plaintiff's claims for damages against Defendant are barred because Plaintiff's damages, if any, cannot be determined with any certainty, and therefore Plaintiff is not entitled to the recovery sought in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Condition Precedent)

15. Defendant alleges that Plaintiff's Complaint and each cause of action therein is barred as a consequence of its failure to perform one or more conditions precedent, or conditions precedent otherwise were not satisfied under the agreement alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Intervening/Superseding Cause)

16. Defendant alleges that the damages sustained by Plaintiff, if any, were proximately caused by the intervening and superseding acts of Plaintiff and/or others, which acts bar and/or diminish Plaintiff's recovery, if any, against this answering Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Prevention of Performance)

17. Defendant alleges that Plaintiff's Complaint and each cause of action therein is barred as a consequence of its prevention of Defendant's performance.

ANSWER OF WEBER ENTERPRISE TRUCKING CORPORATION AND SHANE JOSEF WEBER; COUNTERCLAIM  - 4

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1. That the complaint be dismissed, with prejudice, and in its entirety;
2. That the Plaintiff take nothing by reason of the complaint and that judgment be entered in favor of Defendant;
3. That Defendant be awarded its defense costs and fees; and
4. That Defendant be granted such other and further relief as the Court may deem just and proper.

August 7, 2024

*Shane Weber*
Pro Se for Shane Josef Weber DBA Weber Enterprise and Shane Josef Weber

ANSWER OF WEBER ENTERPRISE TRUCKING CORPORATION AND SHANE JOSEF WEBER; COUNTERCLAIM - 5

PROOF OF SERVICE AND CERTIFICATION

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 429 N Lincoln St, Burbank CA, 91506.

On July 8, 2024, I served the foregoing document(s) described as
ANSWER OF WEBER ENTERPRISE TRUCKING CORPORATION AND SHANE JOSEF WEBER; COUNTERCLAIM
in this action by placing ☐the original ☒a true copy thereof enclosed in a sealed envelope (except when served via fax or e-mail) addressed as follows: bmoorhead@selmanlaw.com

**PLEASE SEE ATTACHED SERVICE LIST**

On the above date:

☐(BY ☐ U.S. MAIL/BY ☐ EXPRESS MAIL) The sealed envelope with postage thereon fully prepaid was placed for collection and mailing following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if the postage cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing set forth in this declaration. I am readily familiar with Weber Enterprise's practice for collection and processing of documents for mailing with the United States Postal Service and that the documents are deposited with the United States Postal Service the same day as the day of collection in the ordinary course of business.

☐(BY FEDERAL EXPRESS OR OTHER OVERNIGHT SERVICE) I deposited the sealed envelope in a box or other facility regularly maintained by the express service carrier or delivered the sealed envelope to an authorized carrier or driver authorized by the express carrier to receive documents.

☐(BY FACSIMILE TRANSMISSION) On _____, at _____ a.m./p.m. at Burbank, California, I served the above-referenced document on the above-stated addressee by facsimile transmission pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was (___) ___-____, and the telephone number of the receiving facsimile number was (___) ___-____. A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error. Copies of the facsimile transmission cover sheet and the transmission report are attached to this proof of service.

☒(BY E-MAIL OR ELECTRONIC TRANSMISSION) - On August 7, 2024, I served the above-referenced document by electronic mail to the e-mail address of the addressee(s) pursuant to Rule 5 of the Federal Rules of Civil Procedure. The transmission was complete and without error and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

                _____ /s/ Alexandria Weber
                Alexandria Weber
                August 7, 2024

SERVICE LIST

Bridget A. Moorhead, Esq.
Selman Leichenger Edson
225 Broadway, Suite 1460
San Diego, CA 92101
Phone: (619) 564-3619
Email: bmoorhead@selmanlaw.com

*Attorneys for Plaintiff*
*Mesa Underwriters Specialty Insurance Company*